## MATTER OF GUERRERO

### In Adjustment of Status Proceedings

### A-10189810

*Decided by Regional Commissioner May 24, 1967*

Applicant, a native and citizen of Cuba, who last entered the United States on August 29, 1958, is ineligible for adjustment of status under section 1 of the Act of November 2, 1966, either in his own right or as the spouse of an eligible alien under the provisions of the last sentence of section 1, since he was not inspected and admitted or paroled into the United States subsequent to January 1, 1959, as required by the provisions of section 1 of the Act.

This case is before me on certification from the District Director, Miami, Florida, who denied the application for the reason that the applicant has not been inspected and admitted or paroled into the United States subsequent to January 1, 1959, within the meaning of the statute.

The applicant is a native and citizen of Cuba born March 9, 1942. He is married to, and residing in the United States with, a Cuban citizen who is eligible for adjustment under the Act. He last entered the United States on August 29, 1958, as a nonimmigrant student for a period to expire August 29, 1959.

In previous years he had attended school in the United States and returned to Cuba each summer. He did not, however, return to Cuba during the summer of 1959 as he feared communism. His departure was not enforced because of the conditions in Cuba and on September 21, 1961, he was given refugee status by the formal grant of an indefinite period of time within which to depart voluntarily from the United States. There has been no chage in that status.

Section 1 of the Act of November 2, 1966, provides that the Attorney General may, in his discretion and under such regulations as he may prescribe, adjust the status to that of an alien lawfully admitted for permanent residence of any alien who:

1. Is a native or citizen of Cuba, and
2. Has been inspected and admitted or paroled into the United States subsequent to January 1, 1959, and

247

3. Has been physically present in the United States for at least two years, if the alien
4. Makes application for such adjustment, and
5. Is eligible to receive an immigrant visa, and
6. Is admissible to the United States for permanent residence.

When considered on its own merits the application must fail because, while there is no doubt that the applicant is now in the United States as a refugee from the current regime in Cuba, the fact is that he has not been inspected and admitted or paroled into the United States subsequent to January 1, 1959, as is clearly required by the language of the Act.

The last sentence of section 1 of the Act of November 2, 1966 provides that, "The provisions of this Act shall be applicable to the spouse and child of any alien described in this subsection, regardless of their citizenship and place of birth, who are residing with such alien in the United States". We have also considered the eligibility of the applicant as the spouse of an alien described in that subsection of the Act. We find he is ineligible as a spouse, as the Act does not exempt a spouse from any of the provisions of section 1 except for the citizenship or nativity requirements. Since he was not inspected and admitted or paroled into the United States subsequent to January 1, 1959, he cannot qualify either in his own right or as a spouse.

We are completely sympathetic with the applicant's desire to remain in the United States with his wife. However, for the reasons set out above, we are unable to find him eligible for adjustment of status under the Act of November 2, 1966, and must affirm the decision of the District Director.

ORDER: The decision of the District Director, Miami, Florida, is affirmed and the application is denied.